UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

JERRY WASHINGTON,

Defendant.

No. S1 00 Crim. 1223 (LTS)

LAURA TAYLOR SWAIN, United States District Judge

## MEMORANDUM ORDER

Defendant Jerry Washington ("Defendant" or "Washington") was tried in this Court in November 2001, on three counts of distribution and possession with intent to distribute heroin and crack cocaine, and one count of conspiracy to distribute and possess with intent to distribute crack cocaine. On November 14, 2001, Washington was convicted on jury findings of guilt on all counts, with specific quantity findings on the crack cocaine charges (counts two through four of the superseding indictment). Washington was sentenced on August 7, 2002, under the then-mandatory Sentencing Guidelines, principally to a term of 78 months of imprisonment on each count, such terms to run concurrently, to be followed by a total term of supervised release of 5 years.

At Defendant's sentencing, the Court made factual findings in connection with its determination that an obstruction of justice enhancement to the Guideline sentencing calculation was warranted and denied a defense motion for a downward departure based on extraordinary family circumstances. By Summary Order dated June 10, 2004, the Second Circuit affirmed Washington's conviction and sentence on appeal, including the obstruction of justice enhancement. The Court of Appeals thereupon issued a Mandate, which was subsequently withdrawn in light of

Blakely v. Washington, 542 U.S. 296 (2004). The Second Circuit issued a further Mandate on April 18, 2006, by which this case was remanded in part for further proceedings in conformity with United States v. Booker, 543 U.S. 220 (2005) ("Booker/Fanfan"), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). By letter application dated May 3, 2006, Defendant requests resentencing.

The Court has considered carefully each of Defendant's arguments in support of his application for resentencing, as well as the submissions, arguments and record before the Court in connection with Washington's original sentencing. For the reasons explained below, the Court has determined that it would not have imposed a sentence nontrivially different from that originally imposed had the Court proceeded under the law as established by Booker/Fanfan. Accordingly, the Court denies Defendant's application for resentencing.

## DISCUSSION

Crosby contemplates a remand of a pre-Booker/Fanfan sentence to the district court for a determination as to whether, in light of Booker/Fanfan and based on the circumstances that existed at the time of the original sentence, the sentence imposed on the defendant would have been "nontrivially different" if imposed with an understanding of the law as explained by the Supreme Court in those cases. See Crosby, 397 F.3d at 118. If the Court determines that a nontrivially different sentence would have been imposed, the plain error doctrine warrants resentencing in a manner compliant with all applicable sentencing requirements. See id.

*Obstruction of Justice Enhancement*

Defendant first argues that the Court's imposition of a two-level obstruction of justice enhancement in its Guideline calculation, based on its factual findings by a preponderance

of the evidence, was violative of Defendant's "right to have a jury determination beyond a reasonable doubt of all facts legally essential to his sentence." (Letter from Def. Counsel to Court, dated May 3, 2006 ("Def.'s App."), 5.) While the substantive opinion in Booker/Fanfan holds that judicial factfinding of this sort is violative of the Sixth Amendment jury trial right under a mandatory Sentencing Guidelines regime, (Booker/Fanfan, 543 U.S. at 232), the remedy opinion addresses that issue by striking the mandatory Guidelines application provision of the sentencing statute. See id. at 245. Accordingly, in resentencing the Defendant post-Booker/Fanfan, the Court would be able to take the obstruction findings into account both in its advisory Guidelines analysis and in its analysis as to whether a nonguidelines sentence should be imposed. See United States v. Florez, __ F.3d __, 2006 WL 1174135, at *8-*9 (2d Cir. May 3, 2006); United States v. Garcia, 413 F.3d 201, 220 n.15 (2d Cir. 2005). Thus, judicial factfinding is not in itself an error warranting resentencing.

*Drug Quantity Finding*

Defendant next argues that the Court improperly sentenced Defendant on Count One of the superseding indictment, pursuant to 21 U.S.C. § 841(b)(1)(B), without a jury finding that the quantity of heroin exceeded 100 grams. This argument is inconsistent with the indictment and the verdict. Count One of the superseding indictment charges Washington under 21 U.S.C. § 841(b)(1)(C) with distribution and possession of 2.5 grams of heroin. The jury found him guilty on that Count. The 78-month sentence imposed is well within the 20-year statutory maximum under 21 U.S.C. § 841(b)(1)(C) for possession of an unspecified quantity of heroin, and so resentencing is not required on that ground. Defendant's argument also refers at times to a five-year statutory maximum, which is not the case under subsections (B) or (C) and would only apply to a charge under subsection (D). Subsection (D) is not applicable where the charged substance is

heroin and that subsection is not referenced in the instant indictment.

*Recognition of Sentencing Factors*

Finally, Defendant argues that his "relatively short time period in the charged conspiracy, his age, his aberrant conduct and his family ties and work history strongly mitigate against the imposition of a 78 month sentence." (Def.'s App., 6.) These issues were well covered in the original record, and Defendant's family ties and personal and work history were argued extensively, and thus considered specifically and thoroughly by the Court, in connection with the original sentencing. The record made then has also given the Court the opportunity to review the relevant facts in making its Crosby determination as to whether it would impose a nontrivially different sentence under Booker/Fanfan.

## CONCLUSION

Upon thorough and appropriate consideration of all of these matters, the Court concludes that a nontrivially different sentence would not have been imposed under the law as established by Booker/Fanfan. Defendant's request to be resentenced is therefore denied.

SO ORDERED.

Dated: New York, New York
June 7, 2006

LAURA TAYLOR SWAIN
United States District Judge